```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

------------------------------x
                              :
ERIC MOY and JAQURIS MOY      :   Civ. No. 3:18CV01754(SALM)
                              :
v.                            :
                              :
STATE FARM FIRE & CASUALTY    :
COMPANY                       :   March 7, 2022
                              :
------------------------------x
```

**RULING ON PLAINTIFFS' MOTION FOR RECONSIDERATION [Doc. #105]**

On January 21, 2022, the Court issued a ruling granting defendant's motion for summary judgment. See Doc. #103. Plaintiffs now move for reconsideration of that ruling, asserting "that the Court overlooked pertinent data and information demonstrating, at the time of the Plaintiffs' loss, the requirements in the State of Connecticut were that insurance coverage would be provided for continuous or repeated seepage or leakage of water, if the condition was unknown to the insured." Doc. #105 at 1. Defendant has filed a memorandum in opposition, see Doc. #106, to which plaintiffs filed a reply. See Doc. #107. For the reasons stated below, the Court **DENIES** plaintiffs' motion for reconsideration [**Doc. #105**].

I. **LEGAL STANDARD**

The legal standards applicable to a motion for reconsideration are well-established:

1

> A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 54 (2d Cir. 2019); see also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (citation and quotation marks omitted)); D. Conn. L. Civ. R. 7(c) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order.").

A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1995)), as

2

amended (July 13, 2012). Nor is it appropriate to use a motion for reconsideration "to plug gaps in an original argument or to argue in the alternative once a decision has been made." Lopez v. Smiley, 375 F. Supp. 2d 19, 21-22 (D. Conn. 2005) (citation and quotation marks omitted).

## II. DISCUSSION

The Court presumes familiarity with the background of this matter, which is set forth in the Ruling on Defendant's Motion for Summary Judgment. See Doc. #103 at 2-6. The Court therefore turns directly to plaintiffs' argument.

Plaintiffs do not contend that there has been an "intervening change in controlling law[]" or "availability of new evidence[.]" Virgin Atl. Airways, Ltd., 956 F.2d at 1255 (citation and quotation marks omitted). Plaintiffs make the conclusory statement: "The exclusionary language contained in the policy is more restrictive than that permitted by the State of Connecticut and for that reason, it is against public policy and the Court should grant reconsideration to avoid manifest injustice." Doc. #105-1 at 4. "At most, [plaintiffs'] arguments indicate that the Court and Plaintiff[s] disagree about the outcome of the case. This disagreement alone, however, does not establish that the Court committed a clear error or must alter its decision in order to prevent a manifest injustice." Miller v. United States, No. 15CV04262(DLI)(LB), 2016 WL 4595691, at *2

3

(E.D.N.Y. Sept. 1, 2016); see also Mindspirit, LLC v. Evalueserve Ltd., 470 F. Supp. 3d 366, 377 (S.D.N.Y. 2020) ("The unsuccessful party's disagreement with the court's decisions or conclusion is insufficient to obtain relief under Rule 59." (citation and quotation marks omitted)).

Plaintiffs' primary assertion is that "the Court overlooked pertinent data and information demonstrating, at the time of the Plaintiffs' loss, the requirements in the State of Connecticut were that insurance coverage would be provided for continuous or repeated seepage or leakage of water, if the condition was unknown to the insured." Doc. #105 at 1. The motion focuses entirely on the public policy section of the Court's ruling. See generally Doc. #105-1. Plaintiffs' contention that the Court "overlooked pertinent data and information" on this issue is belied by the Court's ruling itself, which addressed this argument thoroughly. Plaintiffs' motion for reconsideration can be distilled to the assertion that the Court overlooked plaintiffs' argument in their opposition to defendant's motion for summary judgment that the exclusionary language in the Policy is more restrictive than the ISO/AAIS. The Court understands plaintiffs' argument about the Connecticut Department of Insurance ("CT DOI") regulations. The Court simply disagrees that the "data and information" in the record supports

4

a finding that the coverage exclusion at issue violates the clearly stated public policy of the State of Connecticut.

> [T]he issue that [they] tried to make clear in their objection is not that endorsement HO 1133 is mandatory. Rather, the Plaintiff tried to explain that the Defendant's exclusionary language is more restrictive than that permitted by the State of Connecticut and that the use of endorsement HO 1133 is one method ... for insurance companies to comply with the State of Connecticut requirement.

Plaintiffs now argue:

Id. at 3. This is no more than an attempt to reframe or "plug gaps" in plaintiffs' original argument.

Plaintiffs' objection to defendant's motion for summary judgment expressly states: "There is no question ... that the Defendant's exclusionary language does not comply with the State of Connecticut mandatory language." Doc. #90 at 8 (emphasis added). Yet, plaintiffs now assert that the endorsement language is not mandatory, and seek to change their argument to assert that the language of HO 1133 was offered only to illustrate that the Policy's exclusionary language was more restrictive than permitted by the ISO/AAIS standards and the CT DOI. A motion for reconsideration "is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion." United States v. Real Prop. & Premises Located at 249-20 Cambria Ave., Little Neck,

5

N.Y. 11362, 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014) (emphases added).

Plaintiffs' motion for reconsideration is nothing more than an attempt to repackage their public policy argument.[1] Plaintiffs contend that the Court's ruling evidenced "confusion" regarding the public policy issue. Doc. #105-1 at 4. Plaintiffs are mistaken. The Court understood, and understands, plaintiffs' arguments regarding the public policy question. The Court simply found that plaintiffs' argument was without merit, and that the coverage exclusion was not contrary to public policy. Accordingly, there is no basis for reconsideration of the summary judgment ruling.

Even if the Court were to grant plaintiffs' motion for reconsideration, it would adhere to its ruling. The Court observed in its summary judgment ruling that, under Connecticut law, courts exercise great caution in finding a contract void for public policy reasons, see Dougan v. Dougan, 970 A.2d 131, 139 (Conn. App. Ct. 2009), aff'd, 21 A.3d 791 (Conn. 2011), and that "Connecticut courts have been reluctant to find that coverage exclusions in insurance policies violate public policy unless coverage has been mandated by the legislature or

---

[1] Notably, even if plaintiffs had framed their argument in the terms now used, the Court would not have reached a different conclusion.

regulatory authority." Doc. #103 at 14 (citation and quotation marks omitted). The Court concluded, based on the undisputed evidence of record, that the language plaintiffs believe sets forth the public policy of the State of Connecticut, HO 1133, has <u>not</u> been made mandatory by the State. (Plaintiffs now apparently agree this is true.) Thus, the Court found based on extensive Connecticut precedent that it was not a sufficient basis to undo the agreement of the parties or rewrite the insurance policy. <u>See</u> <u>id.</u> at 14 ("As a general rule, 'it is beyond the responsibility of a court to mandate' specific forms of insurance coverage." (quoting <u>Jones v. Penn-Am. Ins. Co.</u>, No. X-07-CV00-0079440-S, 2003 WL 22791096, at *2 (Conn. Super. Ct. Nov. 10, 2003))) (collecting cases).

The Court concluded:

> The Court finds that the coverage exclusion does not violate any statute or mandatory regulation that applies to the Policy. There is no controlling case law finding that the coverage exclusion violates public policy.[2] Accordingly, the exclusion in the Policy is not void as against public policy.

Doc. #103 at 17-18 (footnote in original). Plaintiffs nonetheless insist that "[t]he Court did not fully appreciate why the Commissioner declined to require State Farm to change

---

[2] Indeed, plaintiffs acknowledge a number of cases "where courts have upheld State Farm's exclusionary language[,]" but cite none where the exclusion has been struck down as contrary to public policy. Doc. #90 at 9; <u>see</u> <u>also</u> Doc. #77 at 11-14 (reviewing relevant cases approving the coverage exclusion).

7

its policy retroactively." Doc. #105-1 at 3. Plaintiffs' theory is that the State declined to require retroactive amendment of existing policies solely because it "does not have the resources to examine all policies being used in Connecticut[.]" Id.

The Court will not entertain this argument. The CT DOI made an affirmative decision not to require the coverage exclusion to be modified retroactively in existing policies. The State's expressed public policy choice is to modify the coverage exclusion only in future policies. The Court will not undermine that decision by forcing modification of the coverage exclusion in existing policies as well.³ It is not the Court's role to guess at the motivations or interests of a regulatory authority. See, e.g., Grabe v. Hokin, 267 A.3d 145, 157 n.21 (2021) ("It is not the role of this court to create public policy in this highly regulated area."); Nguyen v. James River Ins. Co., No. FBTCV196092758S, 2021 WL 5542202, at *5 (Conn. Super. Ct. Oct. 25, 2021) ("[T]he court's role is not to legislate or substitute its discretion for the law making function of the legislative

---

³ A lack of resources is not a problem limited to the CT DOI; authorities across the country lack resources to fully enforce laws and regulations. But governments do not decline to enact laws and regulations solely because they are unable to conduct widespread enforcement. The Internal Revenue Service, for instance, is unable to conduct audits on every taxpayer, but the regulations governing taxes are regularly updated and amended. The executive branch does not simply abandon its regulatory role when enforcement might be challenging.

8

branch."); Nevada Comm'n on Ethics v. Carrigan, 564 U.S. 117, 132 (2011) (Kennedy, J., concurring) ("[T]he role of political bodies [is] in formulating and enforcing public policy, ... and the role of courts [is] in adjudicating individual disputes according to law[.]").

The Court has carefully considered plaintiffs' arguments and finds no reason to revisit its ruling. No new information has been offered, and plaintiffs here seek no more than a second bite of the proverbial apple. See Analytical Surveys, 684 F.3d at 52. Furthermore, even if the Court granted plaintiffs' motion to reconsider, it would adhere to its prior ruling.

## III. CONCLUSION

For the reasons stated, the Court **DENIES** plaintiffs' motion for reconsideration [**Doc. #105**], and adheres to its prior Ruling.

It is so ordered, this 7th day of March, 2022, at New Haven, Connecticut.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE